# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

Nicholas Anthony MANISCALCO,

Defendant.

Case No.: '24 MJ1868 MMP

COMPLAINT FOR VIOLATION OF:

Title 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Cocaine

The undersigned complainant being duly sworn states:

COUNT ONE

On or about May 9, 2024, within the Southern District of California, defendant Nicholas Anthony MANISCALCO did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and in violation of Title 21, United States Code, Section 841(a)(1).

John Bigelow

John Bigelow, Special Agent
Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 10th day of May 2024.

Michelle M. Pettit

HON. MICHELLE PETTIT
UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT**

On May 9, 2024, at approximately 1:00 p.m., San Diego Police Department (SDPD) Officers observed a black Honda Civic bearing California license plate 9FNW644 driving near the intersection of Burton Street and Glidden Street in San Diego, which is within the Southern District of California. Police observed illegal front window tint on the Honda, which is a violation of California Vehicle Code §26708 and conducted a traffic stop based on that violation.

During the traffic stop, police identified the driver and registered owner of the Honda as Nicholas Anthony MANISCALCO. There were two passengers in the Honda at the time of the traffic top. The front seat passenger was a male with the initials M.R. and there was a female passenger in the backseat with the initials J.D. A records check revealed J.D. had an active misdemeanor arrest warrant for drug-related crimes. After learning of the arrest warrant, officers asked J.D. to exit the Honda and arrested J.D. on her active misdemeanor warrant. While being arrested, J.D. admitted to officers that she possessed a methamphetamine pipe in her backpack, which was in the backseat of the Honda. A search of her backpack yielded a bulbous pipe with burnt residue.

Based on the suspected methamphetamine paraphernalia located in the Honda, officers conducted a probable cause search of the Honda and located a black and gray "Versace" brand bag in the trunk, which contained approximately 8.6 near net grams of an crystalline substance (suspected methamphetamine), 76.7 near net grams of a white powdery substance sealed in a vacuum sealed bags (suspected cocaine), along with multiple types of pills and baggies containing other residue. Investigators conducted a presumptive test of the off-white crystalline and white powdery substance, which presumptively tested positive for methamphetamine and cocaine, respectively. The controlled substances found in the Versace bag were individually packaged, to specifically include vacuum sealable baggies, which was indicative of retail distribution efforts.

//

//

While still on-scene at the traffic stop, MANISCALCO, J.D., and M.R. denied knowledge of the suspected narcotics found in the Honda. MANISCALCO was arrested for transportation of controlled substances, in violation of California Health & Safety Code §11352. A search of MANISCALCO incident to arrest revealed approximately $1,739 in cash on his person.

During a post-arrest interview, J.D. stated that she was not aware of the narcotics located inside the trunk of the Honda and only knew of the paraphernalia located inside her backpack in the backseat. Moreover, J.D. stated that prior to being stopped by police, her and M.R. (J.D.'s husband) had been at a notary place to sign over a property to MANISCALCO that they (J.D. and M.R.) own.

Investigators asked MANISCALCO biographical questions, and told investigators his address was 8583 Aero Drive, Apartment 4091, San Diego, California 92123, which is the Olympus Corsair apartment complex. Investigators with the DEA worked to confirm the address information MANISCALCO provided by and served the Assistant Manager a subpoena regarding the residence of MANISCALCO. While at the apartment complex, the assistant manager reported to investigators that MANISCALCO's true residence was 8583 Aero Drive, Apartment #4099, San Diego, California 92123 (the "Residence") and not apartment #4091 as MANISCALCO had stated in his interview.

Later that same evening, investigators obtained and executed a judicially authorized California state search warrant at the Residence and subsequently located approximately 13.18 kilograms of a white powdery substance, which presumptively tested positive for the presence of cocaine, and approximately 386 grams of methamphetamine (equating to approximately 965 counterfeit Adderall pills). Investigators also located several thousand dollars U.S. Currency throughout the residence, a scale, a money counter, a vacuum sealer, and small plastic baggies. Throughout the Residence, investigators located several documents and items bearing MANISCALCO's name and photographs of MANISCALCO.

While searching the residence, investigators also located a .40 caliber Smith & Wesson firearm bearing serial number HRU2551 and loaded with approximately seven rounds of ammunition in a nightstand located in MANISCALCO's bedroom. Additionally, a loaded .22 caliber Beretta firearm bearing serial number BER79111T was found on top of the washer/dryer in close proximity to the kitchen area of the Residence where several kilograms of cocaine were found.

Based on my training and experience, the amount of cocaine seized from MANISCALCO during the traffic stop and also from the Residence are distributable quantities. This conclusion is based upon a review of the totality of the evidence seized, which includes MANISCALCO possession of a large quantity of cash along with drug distribution paraphernalia such as a scale, a money counter, small plastic baggies, which is consistent with distribution of controlled substances in smaller quantities using those tools and receiving cash proceeds in return. In my experience, individuals involved in drug trafficking will frequently possess a firearm to protect themselves, their drugs, and proceeds from drug sales.